## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/ FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL No. 1203 |
| RAY BAKER, JR, et al. v. WYETH, et al. | CIV. ACTION NO. 04-22884 |
| LILLIAN BARHAM v. WYETH, et al. | CIV. ACTION NO. 04-28319 |
| LINDA A. BROWN, et al. v. WYETH, et al. | CIV. ACTION NO. 04-22954 |
| MICHAEL McKINNIE, et al. v. WYETH, et al. | CIV. ACTION NO. 04-22888 |
| DIANE MOODY, et al. v. WYETH, et al. | CIV. ACTION NO. 04-26889 |
| BONNIE D. OLIVER v. WYETH, et al. | CIV. ACTION NO. 04-28318 |
| LARRY JOE PRIVETT, et al. v. WYETH, et al. | CIV. ACTION NO. 04-22894 |
| GERALD ROGERS, et al. v. WYETH, et al. | CIV. ACTION NO. 04-26775 |
| LAURA SNIPES, et al. v. WYETH, et al. | CIV. ACTION NO. 04-26778 |
| LINDA WAGES, et al. v. WYETH, et al. | CIV. ACTION NO. 04-22883 |
| THELMA WILLIAMS, et al. v. WYETH, et al. | CIV. ACTION NO. 04-26781 |

### PRETRIAL ORDER NO. _____

AND NOW, this _____ day of _____ 2004, upon consideration of Plaintiffs' Motions to Remand and Wyeth's Oppositions to those Motions, it is hereby ORDERED that Plaintiffs' Motions to Remand are DENIED and Defendant Mark Markee is DISMISSED with prejudice.

BY THE COURT:

_____
Harvey Bartle III                    J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/ FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL No. 1203 |
| **This document relates to:** | |
| RAY BAKER, JR, et al. v. WYETH, et al. | CIV. ACTION NO. 04-22884 |
| LILLIAN BARHAM v. WYETH, et al. | CIV. ACTION NO. 04-28319 |
| LINDA A. BROWN, et al. v. WYETH, et al. | CIV. ACTION NO. 04-22954 |
| MICHAEL McKINNIE, et al. v. WYETH, et al. | CIV. ACTION NO. 04-22888 |
| DIANE MOODY, et al. v. WYETH, et al. | CIV. ACTION NO. 04-26889 |
| BONNIE D. OLIVER v. WYETH, et al. | CIV. ACTION NO. 04-28318 |
| LARRY JOE PRIVETT, et al. v. WYETH, et al. | CIV. ACTION NO. 04-22894 |
| GERALD ROGERS, et al. v. WYETH, et al. | CIV. ACTION NO. 04-26775 |
| LAURA SNIPES, et al. v. WYETH, et al. | CIV. ACTION NO. 04-26778 |
| LINDA WAGES, et al. v. WYETH, et al. | CIV. ACTION NO. 04-22883 |
| THELMA WILLIAMS, et al. v. WYETH, et al. | CIV. ACTION NO. 04-26781 |

**WYETH'S NOTICE OF PENDING MOTIONS TO REMAND
AND SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
<u>PLAINTIFFS' MOTIONS TO REMAND</u>**

Wyeth submits this Notice of Pending Motions to Remand and Supplemental Memorandum in Opposition to Plaintiffs' Motions to Remand. Each of the above-referenced Intermediate Opt-Out actions were filed in Tennessee state court and Plaintiffs sought to block Wyeth's right to removal by naming a non-diverse former Wyeth sales representative, Mark Markee. Plaintiffs' motions to remand should be denied because Mr. Markee has been fraudulently joined. Plaintiffs' claims against Mr. Markee are barred by the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et*

*seq.*, which bars claims against sales representatives who are not involved in the sale or manufacture of pharmaceutical products. Moreover, even if there were some theory under Tennessee law under which a Plaintiff could recover against a sales representative, there is no reasonable basis in fact for the Plaintiffs' claims against Mr. Markee. According to their Fact Sheets and/or Motions to Remand, all of the Plaintiffs, with one exception[1], took Pondimin and not Redux. However, Mr. Markee was never involved in the promotion of Pondimin, as evidenced by Mr. Markee's sworn declaration. Plaintiffs thus have no reasonable possibility of success against him.

Plaintiffs in the above-referenced suits are jointly represented by the Hill Boren PC law firm of Jackson, Tennessee, and the Clearly Law Firm PA of Little Rock, Arkansas. Because the issues in all of these cases are identical, Wyeth submits this consolidated Notice of Pending Motions to Remand. As set forth in Wyeth's Index to Exhibits, copies of all pleadings filed in the transferor court are being filed with this Court in each respective case as exhibits to this notice as follows:

EXHIBIT A – Wyeth's Notice of Removal and Exhibits[2]

EXHIBIT B – Plaintiff's Motion to Remand, Memorandum, and Exhibits

EXHIBIT C – Wyeth's Opposition to Plaintiff's Motion to Remand and Exhibits[3]

EXHIBIT D – Plaintiff's Fact Sheet[4]

---

[1] According to her Fact Sheet, Plaintiff Laura Snipes took both Pondimin and Redux.

[2] Because Exhibits 2 through 12 of each Notice of Removal contained copies of this Court's Pretrial Orders and other court orders familiar to this Court, those exhibits have not been included with this Notice of Pending Motion.

[3] Exhibits 2 and 3 to Wyeth's Opposition to Plaintiff's Motion to Remand relate solely to the transferor court's authority to enter an order staying proceedings pending transfer to this Court and have therefore not been included with this notice.

[4] If it has been provided to Wyeth. Plaintiffs Lillian Barham, Bonnie Oliver, and Gerald Rogers have not yet submitted Plaintiff's Fact Sheets to Wyeth. Rogers has been
Footnote continued on next page

Defendant Wyeth respectfully asks the Court to consider Plaintiffs' motions and deny them.

## STATEMENT OF FACTS

Plaintiffs filed separate but virtually identical complaints in early 2004 in the Circuit Court for Shelby County, Tennessee. In addition to Wyeth, plaintiffs named Mr. Markee, a former Wyeth sales representative who was never involved in the promotion of Pondimin.

Wyeth timely removed each action to the United States District Court for the Western District of Tennessee. *See* Appendix, Tab A, Wyeth's Notice of Removal. Wyeth stated that Mr. Markee had been fraudulently joined because plaintiffs' claims were barred by Tennessee law. In support of that removal, Wyeth included the Declaration of Mark Markee. *See* Appendix, Tab A, Wyeth's Notice of Removal, Ex. 13, Decl. of Mark Markee. ("Markee Decl."). [5]

Mr. Markee was an employee of the Lederle Division of American Cyanamid Corporation from 1979 to 1994. In 1994, Wyeth acquired American Cyanamid, and Mr. Markee continued to work as a sales representative until his retirement on January 1, 2003. *Id.* ¶ 2. Mr. Markee never promoted, sold, distributed or manufactured Pondimin. *Id.* ¶¶ 3, 9, 10, 11. Nor did he sell, distribute, or manufacture Redux or play any role in the design and testing of Redux. *Id*. ¶¶ 9, 10. Mr. Markee conducted no independent research concerning the drugs he detailed, indeed, all of his knowledge of these drugs

---

Footnote continued from previous page
assigned a Discovery Initiation Date of October 1, 2004, and his Fact Sheet was due November 14, 2004 pursuant to PTO 2930.

[5] Mr. Markee executed identical declarations for each of the above referenced cases. Each declaration was attached as Exhibit 13 to each Notice of Removal.

was derived exclusively from Wyeth.  *Id.* ¶¶ 6, 7.  He never made representations regarding Pondimin or Redux to the general public, nor intentionally misrepresented the safety or efficacy of Pondimin or Redux.  *Id*. ¶¶ 13, 16.

Plaintiffs filed identical motions to remand, which ignored Wyeth's argument that their claims against Mr. Markee were barred under Tennessee law.  *See* Appendix, Tab B, Plaintiff's Motion to Remand.  Rather, Plaintiffs simply reiterated the allegations stated in their complaints that Mr. Markee was liable for negligence and misrepresentation and insisted this was sufficient to grant their motion to remand.  In addition, Plaintiffs asserted that Mr. Markee's declarations were "most likely not true" and that he did promote Pondimin.  *See* Appendix, Tab B, Plaintiff's Motion to Remand at ¶ 3 and Ex. 1.  In support, Plaintiffs attached to their Motions to Remand what appears to be a collective printout from various Wyeth sales representative databases that have been produced by Wyeth in MDL 1203.  *Id.*  None of these, however, show that Mr. Markee ever detailed Pondimin.

Wyeth filed oppositions to Plaintiffs' motions and argued, first and foremost, that Plaintiffs' claims are barred by the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.* (the "TPLA"), which bars claims against sales representatives who are not involved in the sale or manufacture of pharmaceutical products.  *See* Appendix, Tab C, Wyeth's Opp'n to Plaintiff's Motion to Remand.  Notably, Plaintiffs' motions failed to cite any Tennessee law supporting liability for sales representatives.

The transferor court did not rule on Plaintiffs' motions to remand before these cases were transferred to this Court as part of MDL 1203 by the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407.

**ARGUMENT**

**I.     THE FRAUDULENT JOINDER STANDARD**

In the Third Circuit, joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)); *Anderson v. Am. Home Prods. Corp.*, PTO 2567, 220 F.Supp.2d 414, 419 (E.D. Pa. 2002) (quotation and emphasis omitted).  Colorable, for this purpose, means "not wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).

In making these determinations, this Court must look beyond the pleadings. *See e.g., Boyer*, 913 F.2d at 112.  As this Court recently explained in denying remand in another diet drug case:

> [I]f the plaintiff contests a defendant's assertion that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts from the evidence. We are not to decide automatically in favor of remand simply because some facts may be said to be in dispute.

*Anderson*, PTO 2567, 220 F.Supp.2d at 420 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921)).

**II.    MARK MARKEE HAS BEEN FRAUDULENTLY JOINED**

    **A.     Tennessee Law Bars Any Liability for Sales Representatives**

There is no liability under Tennessee law for a sales representative like Mark Markee, and Plaintiffs' motions to remand, notably, do not cite any Tennessee law to support their various claims against him.  Plaintiffs assert claims against Mr. Markee based

5

on negligence, negligent misrepresentation, intentional misrepresentation,[6] and strict liability related to Plaintiffs' ingestion of Pondimin and/or Redux. *See* Appendix, Tab A, Ex. 1, Plaintiff's Compl. ¶¶ 12-24. Notwithstanding Plaintiffs' characterization of these claims, they are products liability actions, governed by the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.* ("the TPLA"). A "product liability claim" under the TPLA includes:

> **all actions brought for or on account of personal injury,** death or property damages caused by or resulting from the manufacture, construction, design…warning instruction, marketing, packaging or labeling of any product. 'Product liability action' includes, but is not limited to, **all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; mis-representation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever**…

Tenn. Code Ann. § 29-28-102(6) (emphasis added).

As the Tennessee Supreme Court has noted, a sales representative who is not a "seller" or "manufacturer" of a product is not personally liable in a product liability action. *See Memphis Bank & Trust Co. v. Water Services, Inc.*, 758 S.W.2d 525, 526 (Tenn. 1988) (citing Tenn. Code Ann. § 29-28-102(4) and (7)). In *Memphis Bank & Trust*, the plaintiff brought suit against a manufacturer and its sales representative for damage caused to its property by faulty air conditioning cooling towers. *Id.* at 525. The

---

[6] To the extent that Plaintiffs attempt to hold Mr. Markee accountable for failing to warn them directly, as opposed to warning their physicians, such claims are barred by Tennessee's learned intermediary doctrine. *See Pittman v. Upjohn Co.,* 890 S.W.2d 425, 429 (Tenn. 1994) ("Under the 'learned intermediary doctrine,' makers of unavoidably unsafe products who have a duty to give warnings may reasonably rely on intermediaries to transmit their warnings and instructions…. Physicians are such intermediaries because of the pivotal role they play in the unique system used to distribute prescription drugs.").
Footnote continued on next page

Court found that the TPLA applied and that since the sales representative was neither a manufacturer nor a seller under the terms of the Act he could not be liable for damages under Tennessee law. *Id*. at 526.

The present case is no different. Mr. Markee was neither a seller nor manufacturer of Pondimin or Redux under the TPLA and therefore cannot be held liable. *See* Markee Decl. ¶ 3 ("I have never dispensed, supplied, designed, detailed, promoted, marketed, advertised, distributed, or sold Pondimin or phentermine."); Markee Decl. ¶ 11 ("I was never involved in any way with the design, manufacture, or testing of Pondimin, Redux, or phentermine."). Indeed, Plaintiffs have not even alleged that Mr. Markee either sold or manufactured Pondimin and/or Redux.[7] *See* Appendix, Tab A, Ex. 1, Plaintiff's Compl. Thus, Plaintiffs' claims against Mr. Markee necessarily fail under Tennessee law[8] and they have no "no reasonable basis in fact or colorable ground supporting [their] claim[s]." *Boyer*, 913 F.2d at 111.

---

Footnote continued from previous page
Plaintiffs do not allege that they ever had any direct contact with Mr. Markee, and no such contact ever occurred. Markee Decl. ¶ 14.

[7] Plaintiffs would have to further allege and show that Mr. Markee, as a "seller," had an opportunity to inspect the product and discover the defect. *See* Tenn. Code. Ann. § 29-28-106.

[8] Even if the TPLA did not prohibit Plaintiffs' claims (which it does), sales representatives would not be liable under Tennessee common law because they owed no independent duty to plaintiffs. It is hornbook law that "[w]here there is no duty…there is no negligence." *Moody v. Gulf Refining Co.,* 218 S.W. 817, 819 (Tenn. 1919) (citing *Kreigh v. Westinghouse*, 152 F. 120, 122 (8th Cir. 1907); *Doe v. Linder Constr. Co.*, Inc., 845 S.W.2d 173, 178 (Tenn. 1992). In Tennessee, a plaintiff is only owed a duty "if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *Burroughs v. Magee,* 118 S.W.3d 323, 329 (Tenn. 2003) (citing *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). Generally, employees are liable as joint tortfeasors only "[t]o the extent that they aid in producing something which they should realize is likely to harm others." Restatement (Second) of Agency § 350, cmt. c (1958); *see also* 27 Am. Jur. 2d, Employment Relationship § 488 ("[T]he fact that an employee was acting under directions will . . . protect him from liability for the employer's negligence unless the employee knew or had reason to know that the acts were . . . liable to cause

Footnote continued on next page

This Court has repeatedly held that Wyeth detailers have been fraudulently joined. *See e.g. Castle v. Wyeth*, PTO 3993, slip op. at 5-8 (E.D. Pa. Sept. 27, 2004) (finding fraudulent joinder of sales representatives under Missouri law); *Bankston v. Wyeth*, PTO 3856, slip op. at 5-11 (E.D. Pa. Aug. 12, 2004) (finding fraudulent joinder of sales representatives under Florida law); *Accadia v. Wyeth*, PTO 3666, slip op. at 29-33 (E.D. Pa. June 29, 2004). Here too, this Court should find Mr. Markee fraudulently joined under Tennessee law.

### B.   Mark Markee Never Promoted Pondimin

Even if Plaintiffs could establish that they have a viable claim under Tennessee law, and they cannot, there is no liability under the facts here. According to their Fact Sheets and/or Motions to Remand, every plaintiff but one (Laura Snipes) took Pondimin and not Redux. *See, e.g.*, Appendix, Tab A, Exhibit 4, Plaintiff's Fact Sheet § V.A. Mr. Markee, however, never detailed Pondimin and thus could not be liable for material misrepresentations or omissions to their doctors regarding Plaintiffs' use of Pondimin. *See* Markee Decl. ¶ 3. Moreover, Plaintiff Snipes has produced *no* evidence indicating that Mr. Markee ever made any material misrepresentations regarding Redux to her prescribing physician at any time. Nor has Mr. Markee had any contact with the Plaintiffs at any time. *Id.* ¶ 14.

This Court has previously held that where plaintiffs used only Pondimin, unless they offer direct evidence that a sales representative did indeed promote Pondimin, they have no colorable basis in fact to establish liability against the sales representative. *In re Diet Drugs*, PTO 3856, slip op. at 7. Here, Plaintiffs have provided no evidence that

---

Footnote continued from previous page
injury."). Thus, plaintiffs' claims would lack colorable legal grounds regardless of the
Footnote continued on next page

8

counters Mr. Markee's sworn declaration that he did not promote Pondimin and have produced no evidence that he made misrepresentations regarding Redux.

Thus plaintiffs have "no reasonable basis in fact or colorable ground supporting [their] claim[s]" against Mr. Markee. *Boyer*, 913 F.2d at 111. He has been fraudulently joined.

## CONCLUSION

Wyeth respectfully requests that this Court deny plaintiffs' motions to remand and dismiss their claims against Mr. Markee.

Respectfully submitted,

 /s/ Michael P. Spence

Robert D. Rosenbaum
Eric L. Alexander
Darren P. Nicholson
Michael P. Spence
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000

and

Samuel L. Felker
Anthony J. McFarland
Jody E. O'Brien
BASS, BERRY & SIMS PLC
315 Deaderick Street
AmSouth Center, Suite #2700
Nashville, Tennessee 37238-3001
(615) 742-6200

---

Footnote continued from previous page
TPLA.

Attorneys for Defendant Wyeth

Dated:   December 1, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2004, a true and correct copy of the above and foregoing was served by first class mail, postage prepaid, upon:

> T. Robert Hill, Esq.
> HILL BOREN P.C.
> 1269 North Highland Avenue
> Post Office Box 3539
> Jackson, Tennessee 38303-3539
> *Counsel for Plaintiffs*
>
> Robert M. Cearley, Jr., Esq.
> HILL BOREN P.C.
> 212 Center Place, Suite 200
> Little Rock, Arkansas 72201
> *Counsel for Plaintiffs*

and by first class mail, postage prepaid, upon counsel required to be served by Pretrial Order No. 19, the names of whom appear on the attached service list.

                                                             /s/ Michael P. Spence

## PMC SERVICE LIST

Arnold Levin, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
**Co-Chair of Plaintiffs' Management Committee**

John J. Cummings, III, Esquire
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA 70130
**Co-Chair of Plaintiffs' Management Committee**

Stanley M. Chesley, Esquire
Waite, Schneider, Bayless, Chesley Co., L.P.A.
1513 Central Trust Tower
One West Fourth Street
Cincinnati, OH 45202
**Co-Chair of Plaintiffs' Management Committee**

Ms. Deborah A. Hyland
Plaintiffs' Management Committee
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
**Co-Chair of Plaintiffs' Management Committee**

Michael T. Scott, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Liaison Counsel for
**Fenfluramine/Dexfenfluramine Defendants**

Edward W. Madeira, Jr., Esquire
Pepper Hamilton LLP
300 Two Logan Square
Philadelphia, PA 19103-2799
**Liaison Counsel for Phentermine Manufacturers & Suppliers**

Peter G. Resnick, Esquire
McDermott, Will & Emery
28 State Street, 34th Floor
Boston, MA 02109-1775
**Co-Lead Counsel for Phentermine Defendants**

Edward S. Weltman, Esquire
Goodwin Proctor LLP
599 Lexington Avenue, 30th Floor
New York, NY 10022
**Co-Lead Counsel for Phentermine Defendant**